Ray JOSHUA, Appellant,

v.

HARTFORD ACCIDENT & INDEMNITY CO., Appellee.

No. 81–1743.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 7, 1981.

Decided Dec. 11, 1981.

Bennie O'Neil, North Little Rock, Ark., for appellant.

Friday, Eldredge & Clark by William H. Sutton, Little Rock, Ark., for appellee.

Before BRIGHT and ARNOLD, Circuit Judges, and DAVIES *, Senior District Judge.

---

* The Hon. Ronald N. Davies, Senior United States District Judge for the District of North Dakota, sitting by designation.

PER CURIAM.

Ray Joshua appeals from the District Court's [1] order granting the motion of Hartford Accident and Indemnity Company (Hartford) for partial summary judgment.[2] After consideration of the record and briefs, we affirm the District Court's decision.

Joshua was injured on August 8, 1979, when an automobile driven by an uninsured driver pinned Joshua against a parked vehicle owned by Joshua's employer, North Little Rock Water Works (Water Works). Hartford insured Water Works' 23 motor vehicles, and the policy's uninsured-motorist provision authorized payment of up to $10,000 per injured person for each covered vehicle. Joshua brought suit seeking to "stack" or aggregate the 23 separate uninsured-motorist provisions in order to increase his potential recovery for his injuries to $230,000. Hartford moved for partial summary judgment on the question of the insurance policy's limits, arguing that an endorsement in the policy precludes stacking and thus limits Joshua's potential recovery to $10,000.[3]

The question decided on summary judgment and appealed to this court concerns the effective date of the above-described endorsement. The dispute over the endorsement's dating arose because at the outset neither party was able to obtain the original of the insurance policy from Water Works. To fulfill Joshua's discovery request for a copy of the policy, Hartford had to reconstruct the policy from its records. Hartford immediately sent Joshua a copy of the relevant endorsement, but before the entire reconstructed policy was sent to Joshua, Hartford discovered that the date on the endorsement had been incorrectly typed "12–01–79/80" instead of "12/01/78 to 79." Hartford corrected the date and sent the reconstructed policy on to Joshua. A year later, the parties discovered Water Works' original insurance policy in a safe-deposit box at a local bank. The original was produced, and the date on the endorsement was in fact found to be "12/01/78 to 79."

According to Joshua, the discovery of the original policy did not resolve the ambiguity in dates. Joshua argues that the policy as initially reconstructed by Hartford bore the correct dates, and that therefore the endorsement was not in effect on August 8, 1979, the date of his accident. The District Court held as a matter of law that the policy discovered at the bank was the policy in effect at the time of Joshua's accident. Consequently, the endorsement did apply to Joshua's accident, and Hartford's liability was limited to $10,000.

This Court sees no reason for overturning the District Court's decision. The affidavits in the designated record clearly support the conclusion that the policy discovered at the bank was Water Works' original policy, and Joshua does not dispute that. Joshua intimates that Hartford somehow altered the date of the endorsement on the original policy, but his affidavits contain no evidence that such an alteration occurred. Accordingly, we affirm the decision of the District Court.

---

1. The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. Final judgment was later entered in favor of Joshua for $10,000, and this appeal followed.

3. The text of the endorsement follows:

1. Regardless of the number of covered autos, insureds, claims made or vehicles involved in the accident, our limit of liability is as follows:

   a. The most we will pay for all damages resulting from bodily injury to any one person caused by any one accident is the limit shown in this endorsement for "each person."

   b. Subject to the limit for "each person," the most we will pay for all damages resulting from bodily injury caused by any accident is the limit shown in this endorsement for "each accident."

   c. If coverage for property damage is provided by this insurance, the most we will pay for all damages resulting from property damage caused by any one accident is the limit of property damage shown in this endorsement for "each accident."

Designated Record at 25. Joshua does not dispute that this endorsement would preclude stacking if it were found applicable to him.